UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 8/30/96**

BIG HORN COAL COMPANY,

    Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

    Respondents.

 

MANSEL JOHNSTON,

    Real Party in Interest.

No. 95-9522
(OWCP No. 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)
(Petition for Review)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Big Horn Coal Company petitions for review of a Benefits Review Board (Board) order affirming the order of an administrative law judge (ALJ) awarding benefits under the Black Lung Benefits Act to claimant Mansel Johnston. Petitioner contends that, in awarding benefits, the ALJ improperly credited the medical opinions of claimant's treating physician.

We review the Board's decision "for errors of law and for adherence to the substantial evidence standard governing the Board's review of the [ALJ's] factual determinations." Maddaleni v. Director, OWCP, 961 F.2d 1524, 1525 (10th Cir. 1992)(further quotation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hansen v. Director, OWCP, 984 F.2d 364, 368 (10th Cir. 1993)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In conducting our review, we cannot reweigh the evidence, but may only inquire whether evidence exists to support the ALJ's findings of fact. Id.

To be entitled to benefits, claimant must prove that he is totally disabled due to pneumoconiosis resulting from his coal mine employment. See Davis v.

<u>Director, OWCP</u>, 936 F.2d 1111, 1112 (10th Cir. 1991).  Here, the ALJ found that both pneumoconiosis and total disability were established under regulations that allow proof of both by way of medical opinions.  <u>See</u> 20 C.F.R. §§ 718.202(a)(4) and 718.204(c)(4).[1]  In so doing, the ALJ credited the opinion of claimant's treating physician, Dr. Batty, on both issues.  It is petitioner's contention on appeal that Dr. Batty's opinions do not constitute substantial evidence to support the ALJ's findings because they are not reasoned medical opinions as required by the regulations.

---

[1]    20 C.F.R. § 718.202(a)(4) provides the following:

> A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative X-ray, finds that the miner suffers . . . from pneumoconiosis . . . .  Any such finding shall be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories.  Such a finding shall be supported by a reasoned medical opinion.

Similarly, 20 C.F.R. § 718.204(c)(4) provides that

> [w]here total disability cannot be established by [qualifying test results or certain other evidence] . . . , [it] may nevertheless be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents . . . the miner from engaging in employment as described in . . . [other regulations].

Petitioner's entire brief is devoted to challenging Dr. Batty's opinion as to the existence of pneumoconiosis, yet we are not persuaded by petitioner's arguments. In his testimony, Dr. Batty explained the basis for his diagnosis and opinion. See Hr'g Tr. at 32-33 (blood-gas studies showing insufficient oxygenation), 34-35 (findings upon physical examination of claimant), 43 (pulmonary function tests that indicate mild obstructive lung disease). Petitioner's contentions to the contrary notwithstanding, we do not think it can be fairly said that Dr. Batty simply disregarded the negative x-rays and non-qualifying test results in the record. See, e.g., id. at 61-62. We believe that a complete reading of Dr. Batty's testimony reveals that he considered them in light of his clinical evaluation of claimant and his clinical experience, and either found them consistent with his opinions, id. at 32-33, 43, 48-49, 50, 63, 64, or not in and of themselves conclusive, id. at 33-34, 41, 42, 43, 51-52. The doctor who testified for petitioner obviously disagreed with Dr. Batty on the extent to which the non-qualifying test results, although not determinative, supported Dr. Batty's conclusion, but "the task of weighing conflicting medical evidence is within the sole province of the ALJ." Hansen, 984 F.2d at 368.

Petitioner also argues that both the ALJ and the Board improperly relied on the fact that Dr. Batty was claimant's treating physician in crediting his opinion. This, according to petitioner, is something akin to application of the "true doubt

-4-

rule," which was invalidated in <u>Director, OWCP v. Greenwich Collieries</u>, 114 S. Ct. 2251, 2259 (1994). We disagree. This is not a case where the ALJ found equally probative but conflicting medical evidence and used the treating physician rule (as the "true doubt rule" was improperly used in <u>Greenwich</u>) to break the tie. <u>Cf.</u> <u>id.</u> at 2253. Nor is it a case where the ALJ mechanically accepted a treating physician's opinion in the absence of supporting medical evidence in the record. On the contrary, the ALJ specifically cited the fact that Dr. Batty had performed the most recent, and thus most relevant, examination and evaluation of claimant, and found that Dr. Batty's opinions were supported by that evaluation. <u>See</u> ALJ's February 5, 1993 Decision and Order on Remand at 3-4. As discussed above, we find substantial evidence to support the ALJ's reliance on the treating physician's opinion in this case with regard to his finding of pneumoconiosis.

The decision and order of the Board is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-5-